PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| KEITH URSO, )| |
| ) | CASE NO.  4:13CV0723 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| LaSHANN EPPINGER, Warden, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | [Resolving ECF Nos. 13, 14, and 15] |

*Pro Se* Petitioner Keith Urso filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging three grounds for relief which challenge the constitutional sufficiency of his conviction in Trumbull County, Ohio Court of Common Pleas Case No. 2010 CR 00107.  The case was referred to Magistrate Judge Kenneth S. McHargh for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2).  The magistrate judge subsequently issued a Report and Recommendation (ECF No. 11).  In his Report, the magistrate judge recommends that the Court deny the petition because Petitioner has failed to demonstrate that the state court decision on his claims was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  Petitioner filed timely Objections to the Magistrate Judge's Report (ECF No. 14).  The Court, after reviewing the objections, hereby adopts the Report and denies the Petition.

(4:13CV0723)

Petitioner also filed a Motion for the Substitution of Parties (ECF No. 13) and a Request

for a Certificate of Appealablity (ECF No. 15).  The Court has been advised, having reviewed the

record, the parties' briefs, and the applicable law.

## I.  Facts

In February 2010, Petitioner was indicted on two counts of operating a vehicle while

under the influence of alcohol ("OVI").  In Count One, he was charged with operating a motor

vehicle while under the influence of alcohol, having previously been convicted of a felony OVI.

In Count Two, he was charged with operating a motor vehicle with a prohibited blood-alcohol

concentration of .286, having previously been convicted of a felony OVI.  Each count also

contained a specification that Petitioner had previously been convicted of five or more OVI

offenses in the last 20 years  ECF No. 7-1 at PageID #: 89-93.  The case proceeded to a jury trial

after which the jury found Petitioner guilty of OVI on both counts of the indictment, each with a

prior felony OVI conviction.  The jury also found Petitioner guilty of the repeat-OVI-offender

specification attached to each count.  In January 2011, Petitioner was sentenced on both counts to

five years in prison and to five years on the repeat-OVI-offender specification, the two terms to

be served consecutively.  The trial court then merged both counts and specifications, for a total of

ten years in prison.  The court also revoked and permanently suspended Petitioner's driver's

license.  ECF No. 7-1 at PageID #: 56-59.

Prior to sentencing, Petitioner had filed a Motion for New Trial (ECF No. 7-1 at PageID

#: 141-43).  The motion was denied (ECF No. 7-1 at PageID #: 148-49), but the denial itself was

not presented as error on direct appeal.

2

(4:13CV0723)

In September 2011, the Eleventh District Court of Appeals of Ohio affirmed Petitioner's convictions.  *State v. Urso*, 195 Ohio App.3d 665 (2011) (ECF No. 7-1 at PageID #: 60-88).  In February 2012, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question, *State v. Urso*, 131 Ohio St.3d 1440 (2012) (ECF No. 7-1 at PageID #: 302), and Petitioner did not further appeal to the United States Supreme Court.

On March 25, 2013,[1] Petitioner filed the instant Petition for a Writ of Habeas Corpus (ECF No. 1).  It was received by the Court on April 2, 2013.

## II.  Standard of Review for a Magistrate Judge's Report and Recommendation

When objections have been made to the Magistrate Judge's Report and Recommendation, the District Court standard of review is *de novo*.  Fed. R. Civ. 72(b)(3).

A district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

Accordingly, this Court has conducted a *de novo* review of the portions of the Magistrate Judge's Report to which Petitioner has properly objected.

---

[1]  Under Sixth Circuit precedent, the petition is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner dated his petition on March 25, 2013.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 Fed.Appx. 497, 498 n. 1 (6th Cir. 2006) (per curiam)).

(4:13CV0723)

### III.  Law & Analysis

**A.  Petitioner's Motion for the Substitution of Parties (ECF No. 13)**

Grafton Correctional Institution ("GCI") was named as the original respondent.  LaShann

Eppinger is now the warden at GCI.  *See* Ohio Department of Rehabilitation and Correction,

http://www.drc.ohio.gov/Public/gci.htm (last visited Sept. 4, 2015).  Petitioner's Motion for the

Substitution of Parties (ECF No. 13) is granted to substitute LaShann Eppinger, Warden as the

respondent.

**B.  Petitioner has failed to demonstrate that the state court decision on his claims was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States**

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may not be granted unless the state

court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *see also Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000), *cert.

denied*, 532 U.S. 947 (2001).  The task of the Court is not to determine whether the Eleventh

District Court of Appeals of Ohio's decision was right or wrong.  Instead, under the AEDPA, the

Court must decide whether the state appellate court's adjudication of Petitioner's claims

"resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

4

(4:13CV0723)

established Federal law." 28 U.S.C. § 2254(d)(1).  As the United States Supreme Court has

explained:

> an *unreasonable* application of federal law is different from an *incorrect*
> application of federal law.  Indeed, a federal habeas court may not issue the writ
> simply because that court concludes in its independent judgment that the relevant
> state-court decision applied clearly established federal law erroneously or
> incorrectly.  Rather, that application must be objectively unreasonable.  This
> distinction creates a substantially higher threshold for obtaining relief than *de
> novo* review.  AEDPA thus imposes a highly deferential standard for evaluating
> state-court rulings, and demands that state-court decisions be given the benefit of
> the doubt.

*Renico v. Lett*, 559 U.S. 766, 773(2010) (internal citations and quotations omitted) (emphasis in

original).

Since Petitioner did not object to the magistrate judge's finding that "[s]everal of the

grounds put forward by Urso allege violations of the Ohio Constitution" (ECF No. 11 at PageID

#: 1084), the Court need not, and will not review these portions of the Report.  *Jones v. Haas*,

No. 13-12645, 2014 WL 7342302, at *2 (E.D. Mich. Dec. 23, 2014).  In any case, the Court

agrees with the magistrate judge that "federal habeas corpus relief does not lie for errors of state

law," *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  ECF No. 11 at PageID #: 1085.  And, as the

Supreme Court has repeatedly underscored, inquiry into issues of state law "is no part of a federal

court's habeas review of a state conviction." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

### 1.  Alleged *Miranda* Violations

The Self-Incrimination Clause of the Fifth Amendment provides that "[n]o person . . .

shall be compelled in any criminal case to be a witness against himself." U.S. CONST. AMEND.

V.  In *Miranda v. Arizona*, 384 U.S. 436 (1966), the Supreme Court held that in order to protect

5

(4:13CV0723)

the privilege against compelled self-incrimination, a suspect "must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." *Id.* at 479. Post-*Miranda* decisions have clarified that the protections in that case are not confined to instances of "express questioning." *Rhode Island v. Innis*, 446 U.S. 291, 298-99 (1980).

In *Pennsylvania v. Muniz*, 496 U.S. 582 (1990), a patrol officer arrested a suspected drunk driver and transported him to the central booking center. Another officer explained the implied consent law and the consequences of refusal. The driver responded with questions and comments about his state of inebriation. *Id.* at 585-86. The Supreme Court concluded that "*Miranda* does not require suppression of the statements [the driver] made when asked to submit to a breathalyzer examination." *Id.* at 604. "We believe that [the driver's] statements were not prompted by an interrogation within the meaning of *Miranda*, and therefore the absence of *Miranda* warnings does not require suppression of these statements at trial." *Id.* at 605 (footnote omitted). The officer's statements "were necessarily 'attendant to' the legitimate police procedure and were not likely to be perceived as calling for any incriminating response." *Id.* at 605 (footnote and internal citation omitted).

Petitioner's objection that "the Magistrate Judge clearly went well outside the actual holding" in *Muniz,* ECF No. 14 at PageID #:1108, is unsupported and refuted by the facts and state court record. Here, State Trooper Sexton testified that although Deputy Sheriff Carr had

(4:13CV0723)

already read to Petitioner BMV form 2255,[2] she also explained to him the consequences of a

refusal to take the test.  She then asked Petitioner if he would take the test, and he voluntarily

said, "I'll take your test.  I did it.  I'm guilty so I'll take it."  ECF No. 7-7 at PageID #: 837.

The first and second grounds do not warrant habeas relief because Petitioner's case is

exactly on point with *Muniz* and the result should be the same.  *See, e.g.*, *Aubrey v. Virga*, No.

EDCV 12-822-JAK (AGR), 2015 WL 1932071, at *5-6 (C.D.Cal. April 27, 2015) (habeas

petitioner's *Miranda* violation challenge to the admission of an unsolicited statement he made at

the jail about the breath chemical test lacked merit).  The state court decision did not involve an

unreasonable application of clearly established federal law, as determined by the Supreme Court

of the United States.

### 2. Confrontation Clause Claim

Petitioner's objections focus on Jack Beil's—the 911 caller— availability at trial.  ECF

No. 14 at PageID #: 1110-12.  That issue, however, is not relevant to Confrontation Clause

analysis in this case.

The Sixth Amendment's Confrontation Clause (binding on the states under the

Fourteenth Amendment) gives the accused "[i]n all criminal prosecutions, . . . the right . . . to be

confronted with the witnesses against him."  U.S. CONST. AMEND. VI.  The Confrontation Clause

categorically prohibits the introduction of a certain class of out-of-court statements.  *Cf.*

*Crawford v. Washington*, 541 U.S. 36, 54 (2004).  There are two necessary and mutually

---

[2]  BMV Form 2255 "provides a person suspected of OVI of the consequences for refusing to take a chemical alcohol test when requested." *Columbus v. Zimmerman*, Nos. 14AP-963, 14AP-964, 2015 WL 5086367, at *1 (Ohio App. 10th Dist. Aug. 27, 2015).

(4:13CV0723)

sufficient conditions to identify whether an out-of-court statement implicates the protection of the Confrontation Clause.  *See id.*  First, the statement must be testimonial.  *Id.*  Second, the statement must be introduced for its truth.  *See id.*

   *Davis v. Washington*, 547 U.S. 813 (2006), presented the Supreme Court an opportunity to elaborate on what constitutes a testimonial statement.  *Davis* concerned the admission of a recorded statement made to a 911 operator.  *Id.* at 817.  The Court carved an exception to its ultimate holding in *Crawford* to mirror the emergency exception to *Miranda* announced in *New York v. Quarles*, 467 U.S. 649, 658-59 (1984).  The *Davis* Court held that when the totality of the circumstances objectively indicates that the primary purpose of police interrogation is "to enable police assistance to meet an ongoing emergency," statements made in response are not testimonial.  547 U.S. at 828.

   The statements from the audio recording of Mr. Beil's 911 call in the case at bar were not testimonial or subject to *Crawford* requirements.  *Davis*, 547 U.S. at 822-26; *United States v. Hayden*, No. 13-3750, 2015 WL 2227694, at *3 (7th Cir. May 13, 2015) ("Like *Davis*, the 911 call at issue and statements to police were non-testimonial because their primary purpose was to provide police officers with basic information to address an ongoing emergency.");  *United States v. Arnold*, 486 F.3d 177, 187 (6th Cir. 2007) (en banc), *cert. denied*, 552 U.S. 1103 (2008).  Thus, the 911 caller's availability at trial is not relevant to a Confrontation Clause analysis.

   The state court decision regarding the admission of the 911 recording is in accord with applicable Supreme Court precedent.  The third ground, therefore, does not warrant habeas relief.

(4:13CV0723)

**C.  Petitioner's Request for a Certificate of Appealablity ("COA") (ECF No. 15)**

As the Supreme Court has stated, "Congress mandates that a prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition.  Instead, petitioner must first seek and obtain a COA."

*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  The relevant statutory provisions are codified at 28 U.S.C. § 2253, as amended by the AEDPA.  Subsection (c) provides:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists could not conclude that the Court's decision denying Petitioner relief on all of his claims is debatable or wrong, the Court concludes Petitioner is not entitled to a

(4:13CV0723)

certificate of appealability.  Accordingly, Petitioner's Request for a Certificate of Appealablity

(ECF No. 15) is denied.

### IV.  Conclusion

Petitioner's Motion for the Substitution of Parties (ECF No. 13) is granted to substitute

LaShann Eppinger, Warden as the respondent.

Petitioner's Objections (ECF No. 14) are overruled and the Report and Recommendation

(ECF No. 11) of the magistrate judge is adopted.  Keith Urso's Petition for a Writ of Habeas

Corpus is denied.

Petitioner's Request for a Certificate of Appealablity (ECF No. 15) is denied.  The Court

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

in good faith, and that there is no basis upon which to issue a certificate of appealability.  28

U.S.C. § 2253(c); Fed. R. App. P. 22(b).


IT IS SO ORDERED.


 September 9, 2015                         /s/ Benita Y. Pearson
Date                                      Benita Y. Pearson
                                          United States District Judge

10